UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY G. SPERBER,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>       Defendant. | No. CV-11-120-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 17, 19. Attorney Maureen J. Rosette represents plaintiff[1]; Special Assistant United States Attorney David I. Blower represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS ECF No. 19,** defendant's motion for summary judgment.

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) on February 11, 2006, alleging disability beginning January 10, 2004 (Tr. 247). The application was denied initially and on reconsideration (Tr. 146-48, 151-52). At a hearing before

---

[1] Plaintiff has also been known as Mary Williams. *See e.g.*, Tr. 250.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

Administrative Law Judge (ALJ) Robert S. Chester[2] on July 15, 2009, plaintiff, represented by counsel, testified, as did vocational and medical experts (Tr. 74-127). On August 19, 2009, the ALJ issued an unfavorable decision (Tr. 15-27). The Appeals Council denied review on February 25, 2011 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 31, 2011 (ECF Nos. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of the parties, and are very briefly summarized here.

Plaintiff was 45 years old at the first hearing in June 2007 (Tr. 53-54) and 47 at the second hearing in July 2009 (Tr. 90-91). She graduated from high school and completed a year of college (Tr. 91, 256, 323). She worked as a wholesaler, sales clerk, office manager and display merchandiser/sales person (Tr. 63, 109). Plaintiff alleges she is disabled by mental impairments. She cleans, does laundry, walks, cooks, reads, shops, drives, takes public transportation, uses a computer and does research, and gardens (Tr. 56-60, 274-76, 325-329, 349-351).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by

---

[2] A prior hearing was held June 20, 2007, before ALJ Richard Say (Tr. 44-71). The Appeals Council ordered Judge Say's October 22, 2007 decision remanded for further hearing. The Council also consolidated plaintiff's subsequent May 19, 2008 DIB application with the current application (Tr. 186-88).

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,

App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).
///

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097. "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Chester found plaintiff's DIB coverage lasted through December 31, 2011 (Tr. 16-17). At step one he found plaintiff engaged in substantial gainful activity after onset, but elected to proceed further with the sequential evaluation (Tr. 18). At steps two and three, he found she suffers from attention deficit hyperactivity disorder (ADHD), post traumatic stress disorder (PTSD), and major depressive disorder, impairments that are severe but do not meet or medically equal Listing-level severity (Tr. 18-19). At step four, relying the VE's testimony, the ALJ found plaintiff is able to perform past relevant work as a salesperson (Tr. 25-26). Alternatively, at step five, again relying on the VE's testimony, the ALJ found there are other jobs plaintiff can do such as basic office helper, housekeeper, and hospital cleaner (Tr. 26). Accordingly, the ALJ found plaintiff was not disabled as defined by the Social Security Act at any time during the relevant period, from onset through the decision dated August 19, 2009 (Tr.

27).

**ISSUES**

Plaintiff alleges the ALJ improperly weighed the evidence and asked the VE an incomplete hypothetical. ECF No. 18 at 12-20. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of harmful error. He asks the Court to affirm. ECF No. 20 at 20-21.

**DISCUSSION**

**A. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                  - 7 -

ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff alleges the ALJ gave too little weight to some opinions: Rosekrans (Tr. 452, 487); Jackline (Tr. 546); Marsh (Tr. 456); and Billings (Tr. 464-480, 498-500), and too much weight to a medical expert, McKnight's, opinion. ECF No. 18 at 12-16.

The Commissioner responds that the ALJ properly relied on the opinion of Dr. Jackline, an examining psychologist, and on plaintiff's activities and incorporated limitations consistent with both. ECF No. 20 at 12-14. The Commissioner asserts the ALJ gave specific and legitimate reasons for rejecting both of Dr. Rosekrans's opinions, and germane ones for discounting Mr. Billings's opinion. The Commissioner asserts the ALJ's failure to directly address Ms. Marsh's opinion is harmless error. ECF No. 20 at 14-19.

**B. Frank Rosekrans, Ph.D.**

Plaintiff alleges the ALJ should have credited the July 6,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 8 -

2006 and January 10, 2007 opinions of Dr. Rosekrans, who evaluated plaintiff after referral by the Department of Social and Health Services (Tr. 441-453, 485-497). ECF Nos. 18 at 12-14, 16-17, 21 at 1-4. The Commissioner asserts the ALJ's reasons are specific and legitimate. ECF No. 20 at 15-17.

Plaintiff was first seen in Dr. Rosekrans's[3] office on July 5, 2006. She reported severe depression, as well as anxiety, stress, social isolation, anger, financial hardship and vocational distress (Tr. 441). Dr. Rosekrans opined depressed mood and social withdrawal were markedly severe, while verbal expression of anxiety and expression of anger and motor retardation were moderate (Tr. 451). He opined plaintiff was markedly limited in the ability to exercise judgment and make decisions; respond appropriately to and tolerate the pressures and expectations of a normal work place; relate appropriately to co-workers and in public interactions and control physical or motor movements and maintain appropriate behavior (Tr. 452). He also found plaintiff moderately limited in several areas, including the ability to (1) follow simple instructions, (2) learn new tasks; (3) perform routine tasks and (4) care for self, including personal hygiene and appearance (Tr. 452).

Plaintiff returned six months later for another evaluation and the same diagnoses were made (Tr. 485-497). Again depressed mood and social withdrawal were found markedly severe. Verbal expression of anxiety or fear had worsened to markedly severe (Tr.

---

[3] Plaintiff was seen by Kevin Shearer, MA, LMHC, CRC, on both occasions. Dr. Rosekrans adopted the reports (Tr. 449, 497).

486). Motor retardation and expression of anger were moderate (Tr. 487). Dr. Rosekrans found plaintiff was no longer moderately limited in the ability to follow simple instructions; instead he now opined she had *no limitation* in this ability (*cf*. Tr. 452 *with* Tr. 487)(italics added). He now expected plaintiff's limitations would last a maximum of eighteen months rather than twelve (*cf*. Tr. 453 *with* Tr. 488).

ALJ Chester agreed with the weight given to these opinions by the prior ALJ (Tr. 24, 142). The reasons include (1) Dr. Rosekrans's opinions were given at the request of DSHS and their criteria differs from the SSA's and (2) Dr. Rosekrans expressed some opinions on a check-box form. Plaintiff alleges the reasons are not specific nor legitimate. ECF No. 18 at 16-17. The Commissioner responds that the cited reasons are adequate, and the ALJ also rejected these opinions because they were based on plaintiff's subjective complaints, and the ALJ found she is less than fully credible. ECF No. 20 at 16-17.

Plaintiff's failure to challenge the ALJ's negative credibility assessment on appeal waives any challenge. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

The Commissioner is correct. The ALJ's reasons for discounting Dr. Rosekrans's contradicted opinions are specific and legitimate. *See Andrews v. Sahala,* 53 F.3d 1035, 1043 (9th Cir. 1995); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**C. William Jackline, Ed.D., and Thomas McKnight, Ph.D.**

Dr. Jackline examined plaintiff in June 2008 (Tr. 540-547). He opined in a work setting plaintiff would have an adequate

ability to understand and follow simple directions, as ALJ Chester observes (Tr. 25, Ex. 18F). The ALJ generally incorporated Dr. Jackline's assessed limitations in the RFC (i.e., plaintiff was limited to simple processes or well-learned tasks, no interaction with the general public, work non-collaboratively with co-workers, and limited to a low-stress environment, meaning involving minimal decision-making by plaintiff)(Tr. 22, 114-15, 546). The VE identified work plaintiff can do with these limitations. There was no error.

Plaintiff alleges the ALJ gave too much weight to Dr. McKnight's testimony, but as the Commissioner points out, this is incorrect. ECF No. 20 at 13-14. The ALJ relied on examining psychologist Dr. Jackline's opinion and plaintiff's extensive activities when he assessed her RFC. Activities included researching antiques, weekly coffee shop visits, driving, shopping, gardening, cooking, dancing and socializing (Tr. 24; 567, 571, 586). Dr. McKnight pointed out plaintiff earned a grade point average of 2.6 in her college courses (Tr. 82). Like Dr. Jackline, he opined plaintiff should not work with the general public and would do better in a lower stress work environment (Tr. 87; see also Tr. 564). The evidence supports the ALJ's assessment of plaintiff's residual functional capacity.

**D. John Billings and Joni Marsh, nurse practitioners**

Mr. Billings sent plaintiff's attorney a letter indicating he began working with plaintiff on August 14, 2006. He opined since the events of September 11, 2001, plaintiff "has had debilitating hyper-arousal and hyper-vigilance that has made it impossible to complete her course work in Culinary Arts." Mr. Billings indicated

he has tried plaintiff on numerous medications to deal with PTSD symptoms but they all exacerbated the symptoms (Tr. 500).

The ALJ rejected this opinion for the same reasons as the prior ALJ (Tr. 24, 142). The opinions of "other sources" such as nurse practitioners, must be supported by medically acceptable clinical and laboratory diagnostic techniques and be consistent with other substantial evidence. 20 C.F.R. § 404.1527. ALJ Say notes Mr. Billings opined plaintiff has several extreme and marked limitations, but his treatment notes are sparse and incomplete and "certainly do not support such drastic limitations" (Tr. 142; Exhibit 11F; Tr. 471-480, 498-500). The ALJ rejected the Mr. Billings's opinion as internally inconsistent, a germane reason. In addition, ALJ Chester notes the record shows plaintiff successfully worked after 2001, at least until 2004 (Tr. 24), contrary to Mr. Billings's opinion plaintiff suffered extreme limitations as a result of the events of September 11, 2001. [For example plaintiff told Dr. Jackline she worked at a retail store for eight months in 2003, Tr. 540.] An ALJ may reject any opinion that is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The Commissioner admits the ALJ erred by failing to address Ms. Marsh's opinion plaintiff could not work, but he asserts the error was harmless because the opinion was unsupported by treatment notes and conclusory, ECF No. 20 at 18-19, meaning it would not have changed the result.

In June 2006 Ms. Marsh opined plaintiff was unlikely to be

able to work due to mental health issues. She opined plaintiff needs "further testing and specialist med[ication] management" (Tr. 456-457).

The Commissioner is correct. This opinion was provisional, conclusory, and unsupported. In the context of the evidence as a whole, Ms. Marsh's opinion is inconsequential to the ultimate nondisability determination. ECF No. 20 at 18, *citing Molina* 2012 WL 1071637, at *7, 13.

**E. Incomplete hypothetical**

Plaintiff alleges the ALJ's hypothetical failed to include all of her limitations. Plaintiff simply alleges again that the ALJ failed to properly weigh the evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The Court finds the ALJ's assessment of the evidence is supported by the record and free of harmful legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of harmful error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 1st day of October, 2012.

                              s/ James P. Hutton
                              JAMES P. HUTTON
               UNITED STATES MAGISTRATE JUDGE